UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| EATON CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 1:25-cv-00103-RLY-TAB |
| | ) |
| BREAKERS UNLIMITED INC., et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER ON JOINT MOTION TO RECONSIDER
ORDER ON SEALING**

Plaintiff Eaton Corporation and Defendants Any Breakers LLC and OTC Enterprises, LLC have filed a motion [Filing No. 279] requesting that the Court reconsider its order [Filing No. 257] denying Eaton and Defendants' earlier motions to maintain documents under seal [Filing Nos. 248 and 253] as well as Defendant Breakers Unlimited Inc.'s motion [Filing No. 243] to maintain additional documents under seal.

As this Court has stated previously:

> A motion to reconsider is only appropriate where a movant demonstrates a manifest error of law or fact. *See, e.g., Davis v. Carmel Clay Schs.*, 286 F.R.D. 411, 412 (S.D. Ind. 2012) ("Motions to reconsider serve a limited function, to be used where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. The parties may not introduce evidence previously available but unused in the prior proceeding or tender new legal theories. A court may grant a motion to reconsider where the movant demonstrates a manifest error of law or fact." (Internal citations and quotation marks omitted)). This is a high bar. Given the limited purpose of a motion to reconsider, a party that neglects to file the requisite brief of support of maintaining documents under seal now has a steep hill to climb on what otherwise could have been a relatively painless hike (assuming there is, in fact, good cause to seal those documents).

*Circle City Broadcasting I, LLC, v. DISH Network*, LLC, No. 1:20-cv-750-TWP-TAB, 2021 WL 6297584, at *1 (S.D. Ind. Nov. 16, 2021).

The Court denied the earlier motions in large part because the designating party (or parties) did not file a statement authorizing the unsealing of the filings or a brief in support of maintaining the filings under seal. [Filing No. 257, at ECF p. 1.][1] Thus, the Court found the parties had not provided good cause to maintain the filings at issue under seal. With the latest motion, the filing parties—Eaton, Any Breakers, and OTC—acknowledge that "certain filings consistent with S.D. Ind. L.R. 5-11 were not made and should have been." [Filing No. 280, at ECF p. 3.] Now, however, the parties argue that good cause exists to maintain the documents under seal. The parties also point out that to date, no party has opposed maintaining this information under seal, and the other parties have either expressly advised they take no position or have not responded to correspondence from Eaton's counsel seeking their position. Thus, these parties request that the Court reconsider its earlier order and enter an order directing the Clerk to maintain the documents at issue [Filing Nos. 242, 242-3, 247, 247-4, 247-5, 247-6, 252, and 252-1][2] under seal.

---

[1] While Defendant Breakers Unlimited did provide a brief in support of its motion to seal, it emphasized that it sought to maintain information under seal regarding Eaton's ongoing counterfeiting investigation because Eaton designated that information confidential. [Filing No. 243, at ECF p. 1.] When Eaton failed to provide any brief in support of its own motion to maintain similar information under seal, the Court found it had no good cause to maintain any of those documents under seal, since the designating party did not—at that time—present any argument of good cause for the request. [Filing No. 257, at ECF p. 2.]

[2] The parties note in their brief in support of the motion to reconsider that they consent to unsealing all documents not addressed in the reconsideration motion that are impacted by the Court's earlier order. [Filing No. 280, at ECF p. 3.] While the parties do not specifically identify those filings, the Court understands this to mean that Filing Nos. 242-1, 242-2, 242-4, 247-1, 247-2, 247-3, 252-2, and 252-3 may be unsealed.

The Court declines to immediately rubberstamp the parties' belated request. As an initial matter, counsel's failure to follow S.D. Indiana Local Rule 5-11 does not meet the manifest error of law or fact standard on a motion to reconsider. Additionally, the mere fact that the parties agree that they would like to this information to stay confidential does not change analysis. The parties still must provide the Court with good cause to do so. *See, e.g., Baxter Intern., Inc. v. Abbott Laboratories*, 297 F.3d 544, 546 (7th Cir. 2002) (parties' agreement to maintain secrecy of documents did not warrant maintaining secrecy of documents upon appeal). Similarly, a protective order does not, on its own, authorize a party to file a document under seal. Section VIII of the Stipulated Protective Order executed in this case contains a provision, from this Court's Uniform Stipulated Protective Order, that expressly states: "This protective order does not authorize a party to file or maintain a document under seal. Any party that seeks to file any document, or any portion of a document, under seal, and any party that opposes its maintenance under seal, must comply with S.D. Ind. L.R. 5-11." [Filing No. 146, at ECF p. 13.]

While the parties' brief in support of the motion to reconsider does, for the first time, set forth an argument as to why good cause exists to seal the documents in question, it does not provide good cause for every request. The parties included a chart, which helped the Court understand the parties' basis for requesting to seal each document. However, the chart does not provide detailed reasoning; it merely states a general reason for the request (typically, either that a document discussed Eaton's ongoing counterfeit investigation or Any Breakers' confidential business information.) Later, the parties broadly argue—without connecting the argument to specific documents—that they seek to seal non-public business information, including details of Eaton's ongoing counterfeiting investigation, as well as information relating to Defendants' respective suppliers and other business relationships, pricing, and business practices that, if

3

revealed, could cause competitive harm. [Filing No. 280, at ECF p. 5.] "It is not enough to merely assert that disclosure would be harmful; a party must explain how disclosure would cause harm." *Benson v. City of Indianapolis*, No. 1:24-cv-937-JPH-MJD, 2025 WL 3637013, at *1 (S.D. Ind. Dec. 15, 2025). The vague statements in the parties' brief fail to explain how disclosure of all the documents in question would cause harm, or at a minimum to articulate that harm on a case-by-case (or document by document) basis.

However, the motion to reconsider is nevertheless granted as it relates to Filing Nos. 247-4, 247-5, and 247-6. While the motion could have been more specific, the Court is able to parse together that there is good cause to maintain these documents under seal. These exhibits contain emails or internally created documents that contain employee names and additional business-specific information for which the parties set forth good cause to maintain under seal. The Clerk is directed to maintain these filings under seal.

The parties also wish to maintain secrecy over the name of a corporation that is referenced in briefing for a motion to compel because it relates to Eaton's ongoing counterfeiting investigation. The Court has since addressed the motion to compel—in an order [Filing No. 258] that the parties also request be maintained under seal in its unredacted form due to its references to that corporation. However, "[d]ocuments that affect the disposition of federal litigation are presumptively open to public view." *In re Specht*, 622 F.3d 697, 701 (7th Cir. 2010). The Court expressly ruled that Defendant Any Breakers must produce, among other items, documents and communications between Any Breakers and that corporation. The Court relied on the "confidential" information in reaching its ruling, and the public has a right to see the full context of that decision. *See, e.g., City of Greenville, Ill. v. Syngenta Crop Prot., LLC*, 764 F.3d 695, 698 (7th Cir. 2014) ("Public access depends on whether a document influenced or underpinned the

4

judicial decision." (Internal citation, quotation marks, and brackets omitted)). Accordingly, Eaton, Any Breakers, and OTC's motion to reconsider is denied as it relates to Filing Nos. 242, 242-3, 247, 252, 252-1, and 258. The Clerk is directed to unseal these filings.

For all these reasons, the Court denies the joint motion [Filing No. 279] to reconsider the Court's earlier order [Filing No. 257] as it relates to Filing Nos. 242, 242-1, 242-2, 242-3, 242-4, 247, 247-1, 252, 252-1, 252-2, 252-3. The Clerk is directed to unseal these filings. The Clerk is also directed to unseal the Court's order at Filing No. 258. However, the motion is granted as it relates to Filing Nos. 247-4, 247-5, and 247-6. The Clerk is directed to maintain these filings under seal.

Date: 1/26/2026

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email