**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| EATON CORPORATION,<br><br>　　*Plaintiff*,<br><br>v.<br><br>BREAKERS UNLIMITED INC., BAY POWER INC., ANY BREAKERS LLC, CONSOLIDATED PARTS INC. d/b/a ALL INDUSTRIAL ELECTRIC SUPPLY INC., OTC ENTERPRISES LLC d/b/a ABSOLUTE ELECTRIC SUPPLY, SILICON VALLEY BREAKER AND CONTROL INC., SOUTH FLORIDA ELECTRICAL SALES, LLC d/b/a INDUSTRIAL DEPOT, GLOBAL BREAKERS, INC., JESUS GARCIA, JOHN DOES 1-10, and XYZ CORP. 1-10.<br><br>　　*Defendants*. | Case No. 1:25-cv-103-RLY-TAB |

**PLAINTIFF EATON CORPORATION'S COMBINED STATEMENT AUTHORIZING UNSEALING AND BRIEF IN SUPPORT OF FURTHER SEALING OF THE PARTIES' PERMANENT INJUNCTION BRIEFING FILINGS**

Pursuant to S.D. Ind. L.R. 5-11(d) and (e), Plaintiff Eaton Corporation ("Plaintiff" or "Eaton") respectfully submits this Combined[1] Statement Authorizing Unsealing and Brief in Support of Further Limited Sealing relating to Eaton's permanent injunction opening brief, Defendants' Any Breakers LLC ("Any Breakers"), Consolidated Parts, Inc. d/b/a All Industrial Electric Supply Inc. ("CPI"), OTC Enterprises LLC d/b/a Absolute Electric Supply ("OTC")

---

[1] Eaton submits this combined filing for the convenience of the Court and because S.D. Ind. L.R. 5-11(d)(5) does not require a statement authorizing unsealing and a supporting brief in support of further sealing to be made as separate docket entries.

1

(collectively, "Defendants") respective opposition filings, and Eaton's respective replies.[2]

<u>S<small>TATEMENT</small> A<small>UTHORIZING</small> U<small>NSEALING</small></u>

With the exception of the redactions indicated in the attached redacted versions, Eaton consents to the unsealing of:

- Dkt. 299 (Tom Grace Declaration in support of Eaton's Permanent Injunction);

- Dkt. 329 (Any Breakers' Opposition);

- Dkt. 324 (CPI's Opposition);

- Dkts. 324-5, 324-7, 324-8, 324-10, 324-21, 324-22, 324-23 (exhibits to CPI's Opposition);

- Dkts. 325-6, 325-24 (exhibits to Any Breakers' Opposition);

- Dkt. 327 (OTC's Opposition);

- Dkts. 327-6, 327-7, 327-9, 327-16, 327-17, 327-18 (exhibits to OTC's Opposition);

- Dkt. 346 (Plaintiff's PI Reply Brief for CPI);

- Dkt. 347 (Plaintiff's PI Reply Brief for OTC);

- Dkts. 347-1, 347-3 (exhibits Plaintiff's PI Reply Brief for OTC).

Redacted, public versions of the following are attached to this filing pursuant to S.D. Ind. L.R. 5-11(d)(5).

Additionally, Eaton seeks the maintain Dkt. 347-4 under seal in its entirety.

Additionally, Eaton consents to the unsealing of the following documents for which it is the designating party and no redactions are needed:

- Dkt. 298
- Dkt. 324-6
- Dkt. 324-11

---

[2] Except for information for which Eaton has individually sought sealing, Eaton takes no position any other party's request for sealing.

ACTIVE 720079577v1

- Dkt. 324-14
- Dkt. 324-15
- Dkt. 324-16
- Dkt. 324-24
- Dkt. 325-2
- Dkt. 325-5
- Dkt. 325-19
- Dkt. 325-20

- Dkt. 325-21
- Dkt. 325-22
- Dkt. 325-23
- Dkt. 325-25
- Dkt. 325-26
- Dkt. 325-27
- Dkt. 327-8
- Dkt. 327-10

- Dkt. 327-11
- Dkt. 327-19
- Dkt. 346-1
- Dkt. 346-2
- Dkt. 346-6
- Dkt. 349
- Dkt. 349-1

BRIEF IN SUPPORT OF FURTHER, LIMITED SEALING

Eaton seeks continued sealing of the following supporting documents used in **Plaintiff's PI Brief**:

- Dkt. 299 (redacting highly confidential indicia of counterfeiting).

Additionally, Eaton seeks continued sealing of certain passages and exhibits used in **Defendant Any Breakers' Opposition**:

- Dkt. 329 (redacting identities and indications of counterfeit sources subject to highly confidential ongoing investigation);

- Dkt. 325-6 (redacting identities and indications of counterfeit sources subject to highly confidential ongoing investigation);

- Dkt. 325-24 (redacting competitive sales information).

Additionally, Eaton seeks continued sealing of certain passages and exhibits used in **Defendant CPI's Opposition**:

- Dkt. 324 (redacting identities and indications of counterfeit sources subject to highly

ACTIVE 720079577v1

confidential ongoing investigation);

- Dkts. 324-5 (redacting internal business analysis of partnership benefits and financials related to the same);

- Dkt. 324-7 (redacting identity of informant);

- Dkt. 324-8 (redacting identities and indications of counterfeit sources subject to highly confidential ongoing investigation);

- Dkt. 324-10 (redacting competitive sales information);

- Dkt. 324-21 (redacting identities and indications of counterfeit sources subject to highly confidential ongoing investigation);

- Dkt. 324-22 (same);

- Dkt. 324-23 (same).

Additionally, Eaton seeks continued sealing of certain passages and exhibits used in **Defendant OTC's Opposition**:

- Dkt. 327 (redacting identities and indications of counterfeit sources subject to highly confidential ongoing investigation);

- Dkt. 327-6 (redacting identity of informant);

- Dkt. 327-7 (redacting internal business analysis of partnership benefits and financials related to the same);

- Dkt. 327-9 (redacting identities and indications of counterfeit sources subject to highly confidential ongoing investigation);

- Dkt. 327-16 (same);

- Dkt. 327-17 (same);

- Dkt. 327-18 (same).

4

Additionally, Eaton seeks continued sealing of certain passages used in Plaintiff's **PI Reply Brief for CPI**:

- Dkt. 346 (redacting identities and indications of counterfeit sources subject to highly confidential ongoing investigation).

Additionally, Eaton seeks continued sealing of certain passages and Exhibits used in Plaintiff's **PI Reply Brief for OTC**:

- Dkt. 347 (redacting identities and indications of counterfeit sources subject to highly confidential ongoing investigation);

- Dkt. 347-1 (redacting identities and indications of counterfeit sources subject to highly confidential ongoing investigation and confidential methods of counterfeiting);

- Dkt. 347-3 (Panel Builder Agreement identifying counterfeit sources subject to highly confidential ongoing investigation); and

- Dkt. 347-4 (maintaining under seal in entirety (Eaton's Offer of Proof)).

Eaton respectfully submits this Brief in Support pursuant to S.D. Ind. L.R. 5-11(e).

Good cause exists to continue to seal the cited passages and exhibits for at least the following reasons, all of which address the enumerated requirements of S.D. Ind. L.R. 5-11(e)(2):

The information for which redaction and/or sealing is sought satisfies applicable authority to maintain that information under seal and should be kept sealed from the public despite any claim to the information's relevance or materiality to resolution of the matter. Good cause exists for maintaining portions of the documents, or entire documents, under seal because the parties' privacy interests with respect to the information contained in those portions predominate over the public interest in this particular case. *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999).

5

Documents containing "sensitive, proprietary business information" satisfy the good cause standard for sealing. *E.g.*, *Liberty Mutual Ins. Co. v. OPE USIC Holdings, Inc.*, No. 1:22-cv-01259-JRS-TAB, 2024 WL 4700066, at *2 (S.D. Ind. Feb. 21, 2024) (finding good cause to maintain entire documents under seal where documents "contain sensitive, proprietary business information"); *Clark*, 2024 WL 4052311, at *1 ("Defendant correctly recognizes in its brief that courts applying Local Rule 5-11 have found public disclosure would result in competitive harm where documents contain sales figures, standard operating procedures, deposition testimony pertaining to marketing plans, and internal discussions containing a company's internal opinion and strategy." (internal quotation omitted)). More specifically, courts have permitted sealing of "confidential, proprietary, and commercially-sensitive 'information regarding the systems and processes [a business] uses to conduct its business and operations.'" *Advanced Magnesium Alloys Corp. v. Dery*, No. 1:20-cv-02247-RLY-MJD, 2022 WL 20515875, at *2 (S.D. Ind. July 21, 2022); *see also 3M Co. v. Continental Diamond Tool Corp.*, No. 1:21-CV-274-HAB, 2024 WL 3199645, at *3-4 (N.D. Ind. June 27, 2024) ("Key customer contact information has been found to be a protectable trade secret by other courts in this circuit" and therefore is proper subject of motion to seal, as is "pricing and margin information"). In the counterfeiting context, sealing of supplier names and information relating to anti-counterfeiting measures can be appropriate. *See, e.g.*, *Fossil Grp., Inc. v. Angel Seller LLC*, No. 20-CV-2441 (HG) (TAM), 2022 WL 3347219, at *3, *5 (E.D.N.Y. Aug. 12, 2022) (permitting sealing of supplier names and details of anti-counterfeiting efforts).

The portions of briefing and exhibits for which Eaton seeks sealing comfortably satisfy these standards. Eaton's proposed redactions to Dkts. 324, 324-8, 324-21, 324-22, 324-23, 325-6, 327, 327-9, 327-16, 327-17, 327-18, 329, 347, 347-1, 347-3 and 346 reference highly confidential

non-public business information—specifically, the investigation and source of several Defendants' counterfeit goods. Importantly, these sources are separate from the previously briefed and ruled on source that the Court made public [Dkt. 338].[3] These additional sources of counterfeit Eaton product were identified during discovery in this case and Eaton is currently conducting a separate, highly confidential investigation of these sources. These sources are not a party to this case and Eaton needs to maintain the identity of the sources as confidential until such a time as Eaton can take legal action against them. Revealing this information would undermine Eaton's ongoing anti-counterfeiting measures and investigations, rendering the risk of competitive harm if these documents were unsealed to be far greater than the public interest in access to them.

Similarly, Eaton seeks to maintain under seal certain highly confidential indica of counterfeit laser markings on Eaton circuit breakers. As stated in Dkt. 299, this information is kept highly confidential at Eaton. Should this indicia and other methods Eaton uses to sus out counterfeit breakers that are identified in Dkts. 299 become public, counterfeiters will have a detailed roadmap for altering or reproducing laser markings on Eaton breakers, further impeding Eaton's ability to identify counterfeit goods. On these same grounds, Eaton seeks to maintain under seal Dkt. 347-4 in its entirety as a highly detailed internal analysis of the method Eaton uses to identify forged and counterfeit goods. To redact on a word-by-word basis is unfeasible, and less restrictive alternatives to sealing, such as redaction, will not afford adequate protection. Eaton therefore seeks to seal this one Exhibit in its entirety. Should this information become public, it will alert the suspected counterfeiters that Eaton is monitoring this method of counterfeit conduct, providing the counterfeit sources with warning and opportunity to modify their processes in an

---

[3] Unlike the identity of that corporation, which the Court relied upon in ruling on a discovery dispute, the additional sources for which sealing is sought here are subjects of Eaton's ongoing investigation are not information on which the Court has relied in making a decision. Therefore, that information is appropriately left under seal. *See* Dkt. 331 at 4–5 (discussing propriety of unsealing confidential information relied upon by court in reaching its ruling).

effort to evade further detection.

Similarly, Eaton seeks to maintain the identity of confidential informants under seal and redacts very limited portions of Dkts. 327-6 and 324-7 that identify the informant's name, contact information, and related business details.

Additionally, Eaton seeks to maintain certain internal business performance, relationships, and sales statistics under seal that are located in Dkt. 325-24, 324-10, 324-5, 327-7. Disclosure of this confidential business information could result in competitive harm. *See Advanced Magnesium Alloys Corp. v. Dery*, No. 1:20-cv-02247-RLY-MJD, 2022 WL 20515875, at *2 (S.D. Ind. July 21, 2022).

Redacting portions of a document from publicly available filings and maintaining the unredacted versions under seal is the least restrictive means of protecting confidential, non-public business or investigative information, including information designated either Confidential or Attorneys' Eyes Only pursuant to the Stipulated Protective Order [Dkt. 172]. And, consistent with the practice in this District, for each of these docket entries identified above for which redactions are requested, Eaton's proposed redactions are made on a "on a word-by-word basis, redacting only those words necessary to protect the secret information and no more." *Clark v. Boppy Co., LLC*, No. 1:22-cv-02120-MPB-MJD, 2024 WL 4052311, at *2 (S.D. Ind. Sept. 5, 2024).

WHEREFORE, Eaton respectfully requests that the unredacted portions of Dkts. 299, 329, 324, 324-5, 324-7, 324-8, 324-10, 324-21, 324-22, 324-23, 325-6, 325-24, 327, 327-6, 327-7, 327-9, 327-16, 327-17, 327-18, 346, 347, 347-1, and 347-3 be maintained under seal. Redacted public versions of the foregoing documents are attached hereto. Eaton further requests that Dkt. 347-4 be maintained under seal in its entirety.

**[SIGNATURES APPEAR ON NEXT PAGE]**

8

March 4, 2026                                Respectfully submitted,


By: *Cameron M. Nelson*
Cameron M. Nelson*
Katherine M. Cronin*
Blake H. Altman
GREENBERG TRAURIG, LLP
360 North Green Street, Suite 1300
Chicago, IL 60607
Tel.: 312-456-8400
nelsonc@gtlaw.com
cronink@gtlaw.com
blake.altman@gtlaw.com

Bina Palnitkar*
GREENBERG TRAURIG, LLP
2200 Ross Avenue, Suite 5200
Dallas, TX 75201
Tel.: 214-665-3727
palnitkarb@gtlaw.com

Riley H. Floyd
HOOVER HULL TURNER LLP
111 Monument Circle, Suite 4400
Indianapolis, IN 46204
Telephone: (317) 822-4400
Email: rfloyd@hooverhullturner.com

*Admitted *pro hac vice*

*Attorneys for Plaintiff Eaton Corporation*

ACTIVE 720079577v1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 4, 2026, the foregoing was electronically filed with the CM/ECF system, which will send a notification of such filing to all counsel of record.

*/s/ Cameron M. Nelson*
Cameron M. Nelson