UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| EATON CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:25-cv-00103-RLY-TAB |
| | ) | |
| BAY POWER INC., *et al.*, | ) | |
| | ) | |
| Defendants | ) | |

**ENTRY DENYING PLAINTIFF'S MOTION FOR PERMANENT INJUNCTION**

On December 29, 2025, Plaintiff filed a motion for permanent injunction. (Dkt. 297). Three Defendants filed opposing briefs. For the reasons addressed below, the court **DENIES** Plaintiff's motion.

I.      **Discussion**

"A plaintiff cannot obtain a permanent injunction merely on a showing that he is likely to win when and if the merits are adjudicated." *Chathas v. Local 134 IBEW*, 233 F.3d 508, 513 (7th Cir. 2000). That is because a permanent injunction "is not provisional in nature, but rather is a final judgment," which requires the plaintiff to "show actual success on the merits." *Goodpaster v. City of Indianapolis*, No. 1:12-cv-669-RLY-DML, 2013 WL 838208, at *6 (S.D. Ind. Mar. 6, 2013) (quoting *Plummer v. Am. Inst. of Certified Pub. Accts*, 97 F.3d 220, 229 (7th Cir. 1996)).

Plaintiff must establish "likelihood of confusion" to prove its trademark infringement claims, but "[l]ikelihood of confusion is . . . usually reserved for the jury." *Sorensen v. WD-40 Co.*, 792 F.3d 712, 726 (7th Cir. 2015). Thus, the court cannot grant a

permanent injunction until a jury rules in Plaintiff's favor or, if possible, the court grants summary judgment in Plaintiff's favor.

Plaintiff argues that it has established likelihood of confusion and therefore has established success on the merits. Plaintiff points to evidence that Defendants possessed counterfeit circuit breakers and argues that there is a presumption of likelihood of confusion in counterfeiting cases. Whether that is true is immaterial at this point because the parties only briefed a motion for permanent injunction, and such a motion cannot be treated as a motion for summary judgment without preliminary notice to the parties. *See* Fed. R. Civ. P. 56(f). The court did not give such preliminary notice and has not rendered judgment on the merits. Therefore, the court may not grant Plaintiff's motion for permanent injunction.

## II.     Conclusion

The court **DISMISSES** Plaintiff's motion for permanent injunction. (Dkt. 297). Plaintiff is granted leave to refile in the event that the court rules, or a jury finds, in Plaintiff's favor on the trademark infringement claim.


**IT IS SO ORDERED** this 26th day of June 2026.

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distribute Electronically to Registered Counsel of Record.