UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| EATON CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>CONSOLIDATED PARTS INC. d/b/a ALL INDUSTRIAL ELECTRIC SUPPLY, et al.,<br><br>Defendants. | ) | No. 1:25-cv-00103-RLY-TAB |

**ORDER ON PLAINTIFF'S**
**MOTION FOR LEAVE TO FILE ITS SECOND AMENDED COMPLAINT**

Before the Court is Plaintiff Eaton Corporation's motion for leave to file its second amended complaint. [Filing No. 422.] Federal Rule of Civil Procedure 15(a)(2) "reflects a liberal attitude toward amendments[.]" *Fischer v. Beazer Homes, Inc.*, No. 1:10-cv-1186-SEB-TAB, 2011 WL 3812699, at *1 (S.D. Ind. Aug. 26, 2011). While courts "have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile[,]" Rule 15(a)(2) requires courts to grant leave to amend freely when justice so requires. *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011).

Eaton seeks to add three additional parties to its complaint: Mike Feltsman, individually; Milex Automation & Controls, LLC; and Feltsberg, LLC. The Case Management Plan set forth an August 3, 2026, deadline to file all motions for leave to amend the pleadings and/or join additional parties. [Filing No. 418, at ECF p. 10.] Eaton filed its motion seeking leave to file its second amended complaint on August 3. Thus, this motion is timely.

While it is far from ideal to add more parties at this juncture, the Court finds that doing so would not unduly prejudice the remaining Defendants. Feltsman, Milex, and Feltsberg are already participating in this case through Defendant OTC, which Feltsman owns (in part) and controls. Feltsman already sat for a deposition in this litigation. With the benefit of additional information, Eaton now alleges that Feltsman is "the lynchpin" in Eaton's civil conspiracy claim. [Filing No. 422, at ECF p. 10.] Eaton's proposed second amended complaint provides more factual detail on these allegations. Eaton does not propose any new claims against existing parties. The factual allegations in Eaton's second amended complaint conform to the discovery record to date, which Eaton alleges demonstrated that these new parties directly imported, distributed, or sold counterfeit Eaton breakers.

Nor can the Court reasonably conclude that adding these parties would be futile. The proposed changes in the second amended complaint set forth Eaton's basis for including these additional parties and give Defendants fair notice of Eaton's allegations and support. Amending the operative complaint will help ensure complete discovery from all parties involved. Adding these parties would provide completeness to the underlying allegations and be in the interest of reaching an appropriate resolution. Defendants raise concerns about personal jurisdiction issues with the proposed new parties. However, Defendants' objections are overruled. The newly added parties can raise those issues on their own, if appropriate.

For all these reasons, Eaton's motion is granted. [Filing No. 422.] Eaton is given leave to file its second amended complaint within 7 days of this order.

Date: 9/1/2026

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email