UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| EATON CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>CONSOLIDATED PARTS INC. d/b/a ALL INDUSTRIAL ELECTRIC SUPPLY, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 1:25-cv-00103-RLY-TAB |

**ORDER ON DEFENDANT OTC ENTERPRISES LLC'S MOTION TO RECONSIDER**

Before the Court is Defendant OTC Enterprises LLC's motion to reconsider the Court 's prior order denying Plaintiff Eaton Corporation's motion to maintain documents under seal. [Filing No. 432.] On August 3, 2026, Eaton filed a motion requesting leave to maintain under seal its motion for leave to file a second amended complaint and related exhibits. [Filing No. 424.] In the motion, pursuant to S.D. Ind. L.R. 5-11(d)(4)(A)(ii), Eaton moved to seal these documents because they contain, or reference, information designated "confidential" when produced by Defendants Consolidated Parts, Inc., Any Breakers, LLC, and/or OTC. This Local Rule further requires the designating party to file, within 14 days of service of the motion to seal, either a statement authorizing the unsealing of the filings or a brief in support of maintaining the filings under seal.

On August 20, 2026, the Court entered an order denying Eaton's motion because none of these Defendants timely filed a response to Eaton's motion to seal. [Filing No. 431.] In that order, the Court directed the Clerk to unseal Filing No. 422 and all attachments after 21 days, absent any motion to reconsider, appeal, or further Court order.

On August 21, 2026, OTC filed a motion to reconsider the Court's order. [Filing No. 432.] In the motion, OTC acknowledges the belated nature of its request and states that the delay was due to an inadvertent calendaring failure by OTC's counsel. However, OTC now argues that good cause exists to maintain under seal Eaton's motion for leave to file its second amended complaint [Filing No. 422] and Exhibits A-H, L, and M [Filing Nos. 422-1 through 422-10].

A motion to reconsider is only appropriate where a movant demonstrates a manifest error of law or fact. *See, e.g., Davis v. Carmel Clay Schs.*, 286 F.R.D. 411, 412 (S.D. Ind. 2012) ("Motions to reconsider serve a limited function, to be used where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. The parties may not introduce evidence previously available but unused in the prior proceeding or tender new legal theories. A court may grant a motion to reconsider where the movant demonstrates a manifest error of law or fact." (Internal citations and quotation marks omitted)). This is not the first time the Court has addressed a party's mistake of failing to timely file a brief in support, which led to the Court issuing an order allowing a document to be unsealed, followed by a motion to reconsider on grounds that should have been provided at the outset. *See Circle City Broadcasting I, LLC v. DISH Network, LLC*, No. 1:20-CV-00750-TWP-TAB, 2021 WL 6297584, at *1 (S.D. Ind. Nov. 16, 2021) (citing cases).

A party's failure to file a brief in support does not meet the manifest error of law or fact standard. The Court could issue a blanket denial of OTC's motion on this basis alone. However, it declines to do so. OTC has belatedly set forth good cause for maintaining some exhibits under seal. Exhibits G, H, and L [Filing Nos. 422-7, 422-8, and 422-9] are purchase orders and invoices that contain confidential pricing and product information. OTC sets forth good cause to

maintain these exhibits under seal, because disclosure of this confidential business information could cause competitive harm if made public.

However, OTC has not set forth good cause to maintain the remaining exhibits at issue completely under seal. For instance, while OTC requests that the Court maintain Exhibits A and B [Filing Nos. 422-1 and 422-2] under seal, OTC does not provide any reason why these documents should be sealed. Exhibit A is Eaton's proposed second amended complaint, which has since been filed publicly on the docket. Exhibit B is a redline of the proposed second amended complaint. No good cause exists for maintaining either of these filings under seal.

In addition, Exhibits C, E, and F [Filing Nos. 422-3, 422-5, and 422-6] contain deposition testimony, which OTC claims discuss nonpublic business information. The Court has previously addressed requests by the parties in this case seeking to seal deposition testimony without providing redacted versions of the transcript:

> The parties have also filed various deposition excerpts under seal with the claim that these excerpts contain "highly confidential" deposition testimony. With many of these deposition excerpts, the parties provided no redacted versions and instead insist that entire excerpts must remain under seal. [See, e.g., Filing No. 324-2; 324-4.] With others, redacted versions are provided that redact information either that the Court has already ruled cannot be shielded from public view, or that the Court now articulates it has no good cause to maintain under seal, such as references to third-party companies Eaton identifies as part of an ongoing counterfeiting investigation, or references to Any Breakers' corporate ownership structure. [See, e.g., Filing No. 327-9.] There may be good cause to redact some of the deposition excerpts—for instance, if they reference how Eaton identifies counterfeit products, or discuss internal corporate decisionmaking such as how a corporation sets its pricing structure or negotiates a contract. However, the parties have not set forth good cause to maintain the entire deposition excerpts under seal. Thus, the parties must file one redacted version of each deposition excerpt exhibit that narrowly redacts only specific references to how Eaton identifies counterfeit markings or internal corporate material, such as pricing structures. These limited bases are the only reasons that the parties have set forth as good cause to seal limited portions of the deposition excerpts.

[Filing No. 377, at ECF p. 4-5.]

The Court has reviewed Exhibits C, E, and F and finds no good cause to maintain the full excerpts under seal. OTC has not provided redacted versions of any of the transcript excerpts at issue or explained why redaction would not sufficiently address its concerns. Thus, OTC's motion is denied as to these exhibits. If OTC insists that portions of deposition testimony need to be redacted and maintained under seal, such as if an excerpt contains specific references to how Eaton identifies counterfeit markings or internal corporate material such as pricing structures, OTC must file a renewed motion and provide proposed limited redactions reflecting its request.

Similarly, Exhibits D and M [Filing Nos. 422-4 and 422-10] contain WhatsApp and email conversations containing nonpublic contact information and pricing terms. OTC has not set forth good cause to maintain the full communication in either exhibit under seal. Thus, OTC's motion is denied as to Exhibits D and M. If OTC wishes to shield portions of these exhibits, OTC must file a renewed motion with proposed limited redactions that restrict only the specific pricing terms and contact information of non-parties.

Accordingly, OTC's motion to reconsider [Filing No. 432] is granted in part and denied in part. OTC's request to maintain Exhibits G, H, and L under seal is granted. **The Clerk is directed to maintain Filing Nos. 422-7, 422-8, and 422-9 under seal.** OTC's motion is denied as to the deposition transcripts in Exhibits C, E, and F and the communications in Exhibits D and M. If OTC still seeks to maintain these exhibits under seal, OTC must file a renewed motion within 14 days and provide proposed redactions. **If, after 14 days, OTC fails to file a renewed motion and narrow proposed redactions, the Clerk is directed to unseal Filing Nos. 422-3, 422-4, 422-5, 422-6, and 422-10.**

Finally, neither OTC nor any other party has set forth good cause to maintain Plaintiff's motion for leave to file a second amended complaint [Filing No. 422], Exhibit A [Filing No. 422-1], Exhibit B [Filing No. 422-2], or Plaintiff's proposed order [Filing No. 422-11] under seal. **Accordingly, the Clerk is directed to unseal Filing Nos. 422, 422-1, 422-2 and 422-11.**

Date: 9/17/2026

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email